<div style="text-align: center">JACKSON, ex. dem. BARTON, vs. CRISSEY.</div>

THIS was an action of ejectment, tried at the Orange circuit before the Hon. JAMES EMOTT, one of the circuit judges.

The action was brought for the recovery of an undivided eighth part of certain premises in possession of the defendant, parcel of a farm whereof Amos Miles, the ancestor of the lessor of the plaintiff, died seised and possessed, and of whom she was one of eight heirs at law. To resist the recovery, the defendant relied on a quit-claim deed, alleged to have been executed by the lessor of the plaintiff, as long since as 1791, to her brother, Zachariah Miles, whereby she conveyed to him all her interest in the farm; which deed was alleged to be lost or destroyed. Zachariah Miles had previously obtained a conveyance of the farm from all nis brothers and sisters, except the lessor of the plaintiff, and subsequently conveyed the same to one Zeno Carpenter, under title derived from whom, the defendant held. After giving proof of an unsuccessful search for the deed among the papers of the releasee, the defendant proved the testimony given by a witness on the premises possessed by him, although both actions be by the same claimant.

<div style="font-size: smaller">
*The bare fact of two persons holding different parcels of what was once an undivided tract of land, deriving title from the same source, constitutes no* privity *of estate, so that the testimony of a deceased witness on the trial of an action of ejectment against one, for the premises in his possession, can be given in evidence in an action of ejectment against the* other *for the premises possessed by him, although both actions be by the same claimant.*
</div>

ness now dead, on the trial of an action of ejectment, brought by the present lessor of the plaintiff against one Lewis Barrett, for the recovery of another portion of the *same farm* whereof her father died seised. This testimony fully established the existence of such deed. The evidence of the testimony of the deceased witness was admitted by the judge, although objected to by the plaintiff. Other evidence of the existence of the deed was given, which was held sufficient by the court, independent of the proof of the testimony of the deceased witness, to sustain the verdict which was found for the defendant. The case is reported only in reference to the question of the admissibility of the evidence respecting the testimony of the deceased witness. A motion was made to set aside the verdict by

*J. R. Van Duzer*, for the plaintiff; which was opposed by

*C. H. Ruggles*, for the defendant.

The opinion of the court on this question as to the admissibility of this evidence was as follows:

*By the Court*, SAVAGE, Ch. J. What a deceased witness has sworn at a former trial between the same parties, in relation to the same issue, is proper evidence. Under the term *parties*, are comprehended all persons standing in relation of privies in blood, privies in estate or privies in law ; (15 Johns. R. 544; but Barrett, in the suit against whom the testimony was given, was neither. He held indeed under the same title, that is, he derived title from Amos Miles though the deeds from his heirs to Zachariah Miles, and the conveyance from the latter to Zeno Carpenter, but his lot and the premises of the defendant are separate parcels of what was once the same farm. Barrett and the defendant do not hold different estates in the same premises: neither holds as remainder-man or reversioner to the other. There is, therefore, no privity of estate between them, and there is nothing in the case to shew either privity in blood or privity in law. In my opinion, therefore, the evidence of the testimony of the deceased witness, in the cause against Barrett, was not admissible, and ought not to have been received.