## EGBERT YALE *vs.* SANFORD W. COMSTOCK.

At the trial of a complaint under the mill act, a material issue being whether the respondent's grantor had raised the height of the granted dam while he was its owner, the respondent offered in evidence the testimony of his grantor, then dead, taken by order of court before a master in chancery in a suit between the complainant's grantor and the respondent's grantor concerning the flowing of the same land, and in which suit the same question was in issue. The master in chancery testified that he took the testimony in writing, that he read it to the witness, and intended to take and believed he had taken his exact words. *Held*, that the evidence was admissible.

COMPLAINT under the mill act. Trial in the Superior Court, before *Dewey*, J., who, after a verdict for the respondent, allowed the complainant's bill of exceptions, from which it appeared that the complainant derived his title by deed from Allen S. Yale, July 31, 1871.

The respondent derived his title by deed from Marshall Brace, February 26, 1868, and claimed a prescriptive right to maintain his dam at the height it was maintained during the time covered by this complaint.

It appeared that a mill and dam, for the working of the same, had been maintained, by those under whom the respondent derived his title, since the year 1843, on the same site as at present, and that in the year 1863, Marshall Brace being then the owner of the respondent's mill and dam, and Allen S. Yale of the land now owned by the complainant, the dam was in various respects altered and rebuilt, and a material point in issue in the present case was whether, when Brace altered and rebuilt the dam, the new dam was made higher than the old one. It was agreed that Brace had since died.

The respondent called L. H. Gamwell, Esquire, who testified that as a master in chancery, under the order of the Supreme Judicial Court, he took the testimony of various witnesses in the suits in equity of *Brace* v. *Yale*, and *Yale* v. *Brace*, 99 Mass. 488, that he took the testimony of Marshall Brace; that the counsel of both parties were present as well as the parties during the whole time; that the testimony was given in answer to interrogatories and cross-interrogatories, and taken in narrative form by the consent of the counsel, read to the witnesses

carefully, and if any corrections were made they were entered that after having made such corrections, if any, he made an accurate copy of the part in which corrections were made, and connected it with that part in which no corrections were made ; that the testimony thus taken was returned by him to court; that he could not tell whether any corrections were made in Brace's testimony, or whether the paper was the original one on which he took the evidence.

The respondent produced from the files of the clerk the master's report in the cases of *Brace* v. *Yale* and *Yale* v. *Brace*, and Gamwell identified it, and testified that he intended to state the testimony of Marshall Brace in the exact language used, and believed that it was so stated in the report.

The papers in the suits of *Yale* v. *Brace*, and *Brace* v. *Yale* were introduced and referred to, to show what questions were in controversy between the parties in the suit, and the court being of the opinion that one of the matters in controversy between Brace and Yale was as to whether the height of the dam had been raised by Brace in the year 1863, admitted, against the objection of the complainant, the evidence of Brace's testimony upon the point, as stated in the report, and offered to permit the complainant to introduce the whole or any part of the testimony of Brace, in addition to that introduced by the respondent.

*A. J. Waterman & H. J. Dunham*, for the complainant.

*J. Dewey, Jr.*, for the respondent.

MORTON, J. It is an established rule of law that evidence of what a deceased witness testified on a former trial is competent in any subsequent trial of the same issue, between the same parties. And privies in estate are deemed to be the same parties within this rule. *Commonwealth* v. *Richards*, 18 Pick. 434. *Warren* v. *Nichols*, 6 Met. 261. *Jackson* v. *Lawson*, 15 Johns. 539. *Jackson* v. *Crissey*, 3 Wend. 251. Under this rule the presiding judge rightly admitted evidence of what Marshall Brace testified in the former trial of the cases between Brace and Yale. The parties in this suit derive their titles respectively from said Yale and Brace, and as to them are privies in estate. The

court found, and it is not disputed, that one of the issues in the former suits was the same as one of the issues in this suit. Brace being dead, his testimony at the former trial upon this issue was competent. It has been held with great strictness in this Commonwealth, that the witness called to prove what a deceased witness testified in a former trial must be able to state the language in which the former testimony was given substantially and in all material particulars. *Warren* v. *Nichols, ubi supra.*

It is clear that the witness called to prove the testimony of Brace fulfilled this condition. Acting as a master in chancery, he took the testimony in writing, read it carefully to the witness, and made a report thereof to the court. He identified the report, and testified that "he intended to state the testimony of Marshall Brace in the exact language of said Brace, and believed that it was so stated in said report." No case could arise, except that of a deposition signed by the witness, in which more satisfactory guarantees could be furnished that the exact testimony of the deceased witness is laid before the jury.

The point made by the complainant at the argument, that the question whether the witness could state the exact testimony of Brace should have been submitted to the jury, was not raised at the trial, is not open upon this bill of exceptions, and need not be considered. *Exceptions overruled.*