## EDWARD A. COSTIGAN *vs.* JACOB K. LUNT.

Suffolk.   Nov. 22, 1878.— Sept. 4, 1879.   MORTON & LORD, JJ., absent.

A witness, offered to prove what a deceased witness had testified at a former trial
   of the case nine years before, in regard to a conversation between the parties,
   said that he was a member of the bar, and took notes at the former trial of the
   testimony of the deceased, which all related to the conversation in question, so
   far and as fast as he could, not taking some parts of it, but all he considered
   material; that, on refreshing his recollection by his notes, he could not testify
   word for word as to what the deceased said, but could give the substance of the
   words; that he could not give just the words he used, or the order in which he
   used them; that the words were substantially these, (stating them,) and that
   he thought they were the exact words. *Held*, that the witness was properly
   allowed to testify.

CONTRACT. Writ dated May 25, 1868.

At the trial in the Superior Court at April term 1878, before *Putnam*, J., the plaintiff and the defendant both testified to a conversation which took place between them upon a matter material to the issue, the plaintiff testifying that at that interview the defendant expressed his satisfaction with the work, and said he had a check with him which he would give in payment for the work if the plaintiff would sign a paper agreeing to get the vessel off by the 1st of June; and the defendant denying this. The plaintiff then called Isaac G. Reed, for the purpose of proving what one Edward Jackson, a witness, had testified at a former trial of this case in October 1869, Jackson having since died. Reed testified that he was a member of the bar, and took minutes of the testimony for the plaintiff at the former trial; that he took down all Jackson said so far and as fast as he could, not taking some parts of it, but all he considered material; and that his whole testimony was in relation to this conversation between the plaintiff and defendant. The defendant objected to Reed's stating what Jackson testified, because he did not know whether he took full notes or not; but the judge ruled that that was immaterial, as the witness could not be allowed to testify from his notes, but that if the witness, refreshing his memory from such notes as he had, could state the exact testimony, he might do so. The witness said that he could not testify word for word to what Jackson said, but would give the substance of the words; just the words he used, or the order in which he used them, he could not give. The witness was permitted to testify, against the defendant's objection, that Jackson's words were substantially these: that he was present at the said interview, that Lunt came in with a paper in his hands which he wanted Costigan to sign, that the date, June 15, was erased and June 1 was written in, that Costigan read it and handed it back and refused to sign it, and that Lunt then said if he would sign it he had a check there to pay him. The witness also testified that he thought these were his exact words.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. Gaston & E. C. Gilman*, for the defendant.

*N. Morse & H. G. Allen*, for the plaintiff.

AMES, J.  It is a well established rule of evidence, that, in case of the death of a witness who testified at a trial, it may be shown at any subsequent trial between the same parties and upon the same issue what his testimony was.  Any competent witness who heard it may testify what the evidence was.  *Commonwealth* v. *Richards*, 18 Pick. 434.  1 Phil. Ev. (4th Am. ed.) 389, 400.  1 Greenl. Ev. § 165.  Such evidence is admissible, not because in its general nature it is the best that might be had, but because in the particular state of facts it is the best which the party offering it is able to produce.  It is secondary evidence, and · is allowed for the reason that the best evidence is lost.

The purpose of such secondary evidence is to reproduce the testimony of the deceased witness, in order that the jury may have it as given by him under oath, and as qualified and explained (if such were the fact) upon cross-examination.  The witness, who at the subsequent trial undertakes to give an account of the previous testimony, is not at liberty to describe it in general terms, or to say what it was in its general effect.  To do so would be to receive the new witness's understanding and construction of the testimony, expressed in his own language, instead of the language of the original witness.  Whether it is sufficient that the new witness should give only the substance of the former testimony, instead of an exact recital of its language, is a question that has been often discussed in the courts in this country.  In many of the states it has been held that the substance of what the deceased witness testified is all that need be given, and that to require more would be in practice to abrogate the rule, and effectually to exclude all such evidence.  *Young* v. *Dearborn*, 2 Foster, 372.  *Ruch* v. *Rock Island*, 97 U. S. 693.

But we do not think it necessary to comment upon the numerous and conflicting authorities in relation to this question.  We see no sufficient reason for departing from the rule laid down by this court in *Commonwealth* v. *Richards*, 18 Pick. 434, and in *Warren* v. *Nichols*, 6 Met. 261, and reaffirmed in *Corey* v. *Janes*, 15 Gray, 543, and *Woods* v. *Keyes*, 14 Allen, 236.  Our rule requires that the new witness shall furnish the same testimony which the former witness gave, because it is given

to the jury under his oath, and is to be weighed and judged of as he gave it. It must be given to the jury in the language in which it was originally given, "substantially and in all material particulars," because that is the vehicle by which the testimony of the witness is transmitted, of which the jury are to judge. We do not understand this rule to require the *ipsissima verba* of the former witness to be reproduced. He may have testified, speaking in the first person, and his testimony may be repeated as if he spoke in the third person. The language must be given, "substantially and in all material particulars," as he used it, but not necessarily with absolute verbal identity.

In the case at bar, the testimony given by Reed appears to us to have been admissible, even under the strict rule adopted by this court. He testified that he could give the "substance of the words used;" that the words were "substantially these;" and that he thought these were "his exact words." He took notes at the time, and had a right to use those notes for the purpose of refreshing his memory. The material part of the testimony was as to the conversation at a certain interview, at which the deceased witness was present, and which he related. The object was to show what the defendant did and said on that occasion; and upon that matter the new witness, Reed, undertakes to give "substantially and in all material particulars" the words of the deceased witness.                    *Exceptions overruled.*