NELSON D. MOREHOUSE, RESPONDENT, v. JOEL B. MOREHOUSE, BY HIS COMMITTEE, APPELLANT, IMPLEADED WITH TALCOTT B. MOREHOUSE AND OTHERS.

*Evidence — when the testimony of a deceased witness, given in another action, may be read in evidence — when the testimony of a party given on the first trial of an action may be read on the second trial thereof, although he is then incompetent to testify — Code of Civil Procedure, secs. 829, 830.*

This action was brought to collect from the defendants, Joel and Talcott Morehouse, a balance claimed by the plaintiff to be due and unpaid on a sale of real estate on the foreclosure of a mortgage by advertisement, which sale was made by the plaintiff, as assignee of said mortgage. The property had been purchased by Joel and Talcott, at the sale, each taking one-half and agreeing to pay one-half of the purchase-price. Talcott paid his half, but Joel did not. Upon the trial of this action the plaintiff was allowed, against the objection and exception of the defendant Joel, to read portions of the testimony of one Dake, who had been examined as a witness in an action brought by one Tourtellot, in which Joel and Talcott Morehouse and the present plaintiff were defendants; Dake having died before the trial of this action.

*Held,* that as the parties to this action were parties to the former one, and as the point in issue, touched by the testimony of Dake, was the same in each, the evidence was properly received.

Upon a former trial of this action the plaintiff was examined as a witness in his own behalf. After the reversal of the judgment then entered, the defendant Joel was prostrated by a stroke of paralysis which destroyed his mental powers and an order was made continuing the action against his committee. Upon

the last trial of this action the court allowed the testimony of the plaintiff given upon the first trial to be read, against the objection and exception of the counsel of the committee, who claimed that the testimony was inadmissible under section 829 of the Code of Civil Procedure.

*Held,* that the testimony was properly received under section 830 of the Code of Civil Procedure.

APPEAL by the defendant Joel B. Morehouse, by his committee, from a judgment, entered upon the trial of this action at the Saratoga Special Term.

The action is an equitable one, and was commenced on the 2d day of March, 1874, to collect a balance alleged by the plaintiff to be due and unpaid from the defendants to him on a joint bid made by the defendants Joel B. and Talcott B. Morehouse, at a sale of real estate on the foreclosure of a mortgage, by advertisement, which sale was made by plaintiff as assignee of said mortgage, and took place on the 28th day of October, 1861.

The mortgage was executed by John Morehouse, the father of the defendants Joel B. and Talcott B. Morehouse, to one Daniel D. Campbell, and bore date the 13th day of December, 1858, and was made to secure his bond of that date for, $550.50, and the balance claimed to be due the plaintiff, as such assignee, on said mortgage at the time of the sale was $737.41, including costs. The plaintiff avers that the defendant Talcott B. Morehouse has paid his half of the joint bid, but that the defendant Joel B. Morehouse has failed to pay his half; and that the affidavits of sale were delivered by the plaintiff to one Dake with directions to retain them until the defendant Joel B. Morehouse should pay his share of said bid; and the plaintiff alleges that said share has never been paid by the defendant Joel B., and that after Dake's death he first found that said affidavits had been recorded in the Saratoga county clerk's office on the 14th day of April, 1868, which was more than six years after said sale occurred. The plaintiff, in the complaint, waives all relief against the defendant Talcott B. Morehouse, and as relief asks that it be adjudged that said record and sale on said mortgage be set aside, so far as the same affects the share of said premises belonging to the said Joel B. Morehouse, unless the said Joel B. Morehouse shall pay his share of said bid, and that the plaintiff be allowed, in case said share is not paid, to resell the said

Joel B.'s share of said premises on said mortgage, in order to collect the balance of said bid.

The defendant Joel B. Morehouse, who alone answered, among other things : First. Admitted the purchase of the Campbell mortgage by the plaintiff, and the foreclosure of it and the sale of the premises thereunder, and the purchase of them by the defendants at said sale, and denied all other allegations of the complaint. Second. Set up that the cause of action accrued more than six years before the action was commenced, and that the same was barred by the statute of limitations. Third. Alleged payment to the plaintiff of the amount due on said bid. A judgment dismissing the complaint, entered upon the first trial of the action, was reversed at the General Term. After the order for a new trial was granted, and before the new trial came on, the defendant was prostrated by a stroke of paralysis, which entirely destroyed his mental powers, and a committee of his person and estate was appointed, who was made a party to the action by an order of the court.

On the new trial the plaintiff himself put in evidence the judgment-roll and a portion of the evidence in three other cases, one in favor of one Freeman Tourtellot against the said Nelson D. Morehouse, the plaintiff herein, and the defendants herein, Joel B. Morehouse and Talcott B. Morehouse, and also a portion of the testimony of the defendant Joel B. Morehouse and of one Calvin W. Dake, since deceased, as given by them on the trial of those actions.

Defendant objected to the admission of said several judgment-rolls in said actions in favor of Tourtelott and others as immaterial, but the objection was overruled and defendant excepted. The defendant also objected to the evidence of one Hulburt as to what Dake, as a witness had testified to on the trial of said actions in answer to the question : " State what he, Dake, testified to on that trial, in regard to the delivery of the foreclosure papers on the foreclosure of the Campbell mortgage ? " which was objected to by defendant as inadmissible in this action, and as being hearsay ; the objection was overruled and defendant excepted, and the evidence was taken. The defendant also objected to the introduction in evidence of the testimony given by the plaintiff on the former trial, on the ground that it was inadmissible against the committee

of the person and estate of Joel B. Morehouse, under section 829 of the Code, and that the evidence was incompetent, irrespective of the statute; the objection was overruled and the defendant excepted, and the evidence was admitted. The defendant also moved, at the close of the evidence, to strike out the plaintiff's evidence so given on the former trial, and read on this trial, as being hearsay and inadmissible, being declarations of the plaintiff in his own favor, which motion was denied and defendant excepted.

*A. Pond,* for the appellant.

*Nathaniel C. Moak* and *John C. Hulbert,* for the respondent.

LANDON, J. :

The finding that Joel B. Morehouse has never paid anything upon or by reason of the bid upon the foreclosure sale, is in accord with the evidence of Joel himself. The elaborate argument of the appellant in opposition to this finding rests upon the fiction of a constructive payment for Joel by means of the payment of Talcott, when it is quite clear that it was the purpose of all the parties that Talcott's payment should be for himself and for the release of his half of the farm, and not at all for the benefit of Joel or for the release of his half. If by means of any mistake in figures Talcott should be credited with more than his half, which is not clear, he did not pay it for Joel's benefit, did not intend to do so, and it would be an entire perversion of the understanding of the parties to give it that effect now. Each was the devisee of an undivided half of the farm covered by the mortgage. They partitioned the farm between themselves, procured plaintiff to foreclose the mortgage, each one agreeing to pay plaintiff, upon the bid, one-half the amount due upon the mortgage, with costs. The plaintiff could have held them as joint debtors, but at their request treated each as his separate debtor for the one-half, and acted to his own prejudice upon that request, and has the right to treat them as estopped to insist that they are joint debtors.

Upon the trial the testimony of Calvin Dake, then deceased, which he had given in an action in which one Tourtellot was plaintiff and Nelson, Talcott and Joel B. Morehouse were defendants, was read in evidence against the objection of Joel B. The parties

to this action were parties to that action. The issues framed by the pleadings are not precisely the same, but under the issues in each action the point in issue touched by Dake's testimony was the same, and in the former action must have been fatal to the main defense alleged, whereas in this action its force would have been entirely neutralized if the payment alleged by the defendant Joel had been established. Where the parties are the same or in privity, and the issues, or the point in issue, the same, such evidence is admissible. (*Jackson ex dem. Barton* v. *Crissey,* 3 Wend., 251; *Osborn* v. *Bell,* 5 Denio, 370; *Lawson* v. *Jones,* 61 How., 425; *Clark* v. *Vorce,* 15 Wend., 193; *Bradley* v. *Mirick,* 91 N. Y., 293.)

When the parties are the same, and the point in issue the same, we can clearly see that the party against whom the testimony is offered had the same opportunity and the same interest as now to resort to every test to probe the witness and his testimony. And we see no reason, although the parties are not quite the same, if the subject-matter to be now established is the same, against the party against whom the testimony is offered, as upon a former trial, and was of as much importance to that issue as it is to this, why the death of the witness should exclude his testimony. The party against whom it is now offered has once had his day in court in the very matter of developing that testimony, and that, too, under a pressure of interest as great as now exists, so that nothing can be presumed to have been omitted from want of opportunity, care or interest.

In *Philadelphia, etc., Railroad Company* v. *Howard* (13 How. [U. S.], 334, 335) the action was between Howard and the Philadelphia, Wilmington and Baltimore Railroad Company as for covenant broken. There had been a former action between Howard and another and the Wilmington and Southern Railroad Company as for assumpsit. The Wilmington and Southern Railroad Company and the Baltimore and Port Deposit Company were subsequently, by the legislature, consolidated into the present defendant, the Philadelphia, etc., Railroad Company. The deposition of a witness taken upon the same *subject-matter* in issue in this case as in the former, viz., whether a certain paper made by one of the constituent companies was under the corporate seal or not was held to be admissible. There the parties were not the same; one action was assumpsit the other covenant. (See, also, 1 Greenl.

Ev., § 164.) Upon principle and authority we think the evidence was properly received.

The testimony of the plaintiff given upon the former trial of this action was properly received under section 830, Code Civil Procedure. That section is remedial and should be liberally construed. It renders competent, first, the testimony of a party given upon a former trial, in case such party has since died; second, the testimony given on the former trial of any person, who since then has become incompetent to be examined on this trial by virtue of section 829. Section 829 affects the competency of the witness to be now examined, but section 830 establishes the competency of his testimony given upon a former trial of the same case. A technical reading of the section which should make the death of a party the condition precedent to the competency of the testimony of any witness other than the deceased party, may possibly be made, but the spirit of the statute should prevail, and that gives competency to the testimony previously given in the case between the same parties, before the incompetency attached to the witness. Pennsylvania cases tend to show that this sensible rule exists at common-law (*Galbraith* v. *Zimmerman*, 100 Penn. St., 374; *Pratt* v. *Patterson*, 31 P. F. S. [81 Pa. St.], 114; *Evans* v. *Reed*, 28 id. [78 Pa. St.], 415; *Hay's Appeal*, 10 Norr. [91 Pa. St.], 265); and we think it should not be defeated by an adherence to the letter in opposition to the spirit of the statute. The objection of the statute of limitations was overruled upon the former appeal.

The complaint states that upon a foreclosure of the mortgage by advertisement, the mortgaged premises were struck off to Joel B. and Talcott Morehouse, and it characterizes that proceeding as a sale, but it expressly shows that the sale was not completed by payment of the sum bid. So long as the sale remains incomplete by the refusal of the defendant to pay his part of the bid, the plaintiff cannot be deprived, without his own consent, of the benefit of his mortgage. He cannot be compelled against his consent to waive a good security and take a cause of action as for a simple debt against such a debtor. No statute of limitations has run against his mortgage. The contention of the defendant that the mortgage could not be satisfied in effect as to Talcott's share of the farm and be on foot upon Joel's, rests upon no solid foundation. It was

Talcott's duty to protect by payment his own share, under the understanding between Joel, Talcott and the plaintiff.

The judgment is right and should be affirmed, with costs.

PECKHAM, J., concurs; BOCKES, P. J., not voting.

Judgment affirmed, with costs.