Daniels, J.
The plaintiff prosecuted this action as a judgment creditor of Daniel H. Craig, against whose property an execution upon the judgment had been issued and returned unsatisfied. The object of the action was to estabEsh the right of the plaintiff to dispose of 1,140 shares of the capital stock of the American Rapid Telegraph company, and to apply their proceeds towards the payment of the judgment. These shares had been issued to the judgment debtor, Daniel H. Craig, but before the commencement of the action, they had in form been assigned or transferred by him to his wife, Helena Craig, who claimed to be the owner of the shares. They had not been transferred to her on the books of the corporation, but were held by her with power to make such transfer. And to render the action effectual it was alleged in the complaint that the transfer of the shares to her was without consideration and fraudulent, and void as against the plaintiff as a creditor of her husband, and that the transfer was intended to hinder and delay the plaintiff in securing the application of the shares to the payment of his judgment. By the decision which was made it was not found as a fact, that this formal transfer of the shares to the debtor’s wife was in any manner fraudulent, or made to hinder or delay the plaintiff in the recovery of his debt, or any other creditor of the debtor. But it was found as a fact, that the stock was, and is, the property of Daniel H. Craig, the debtor, and the result and proceeds of his earnings, and that it was not the property of his wife, Helena Craig, or the proceeds of any property of hers. * How the referee reached this conclusion without first determining that the transfer in form made to her should be annuEed or set aside does not appear. But the referee was requested to find, as a fact, that there was no evidence supporting the allegation contained in the complaint, alleging that the transfer of the shares by the debtor to his wife was fraudulent, or made with intent to hinder or delay creditors. But he declined to find either way on this request And as it was not found as a fact that the transfer of the shares to her was either fraudulent, or made with intent to hinder or delay creditors, the objection has been taken that the' facts found by the referee do not support the judgment. And this objection is not without force, for the case as it was made by the . complaint depended upon the truth of these allegations.
*450 By what appeared to have transpired the debtor’s wife acquired the title to these shares, although they were not formally transferred on the books of the corporation. And before a sale could regularly be made of them and the proceeds appropriated to the payment of • the judgment, the fact should have been found in some form, that her title was fraudulent or inoperative as against the plaintiff.
But a more serious difficulty is presented by the case than that which depends upon the findings of the referee. For before the action was commenced, proceedings in bankruptcy were taken by the judgment-debtor to obtain his discharge under the bankrupt laws of the United States. The defendant, Helena Craig, was not a party to-those proceedings. But upon the trial of this action,"the plaintiff was permitted to read in evidence the testimony of Marshall Lefferts, who was called, sworn and examined as a witness to oppose the discharge of the judgment-debtor under the bankrupt laws. The object of reading the evidence of this witness, taken in that proceeding, was to contradict the testimony of the defendant Daniel H. Craig upon the trial of this action, as to Lefferts’ agency in respect to the stock which it was claimed was used in the acquisition of the stock in question. The offer to read the evidence of this witness was objected to by the defendants as improper, but the objection was overruled, and so much of the testimony was allowed to be read by the plaintiff’s counsel, as he deemed to be essential to the promotion of his object in this action. It appeared as a fact that Lefferts had died between the time when his evidence was taken in the bankruptcy proceedings and the trial of this action, but the fact of his decease did not render his evidence in those proceedings admissible upon the trial of this action. The rule permitting evidence of a deceased witness to be read, is restricted to the cases where the parties are the same or those in privity with them, as they were in the action or proceedings in which the witness was sworn and examined. Jackson v. Bailey, 2 John., 17; Jackson v. Crissey, 3 Wend., 251; Hubbard v. Briggs, 31 N. Y., 518, 536.
The object of the testimony was to reduce the credit of Daniel H. Craig as a witness, and in that manner, indirectly at least, to effect the title of the other defendant to these shares of stock. But that could not legally be done as long as she was not a party nor privy to the proceedings in bankruptcy. As against her this evidence should not have been received. It certainly could not as the statements made by an agent, for such statements, to be evidence, are required to accompany the acts or conduct of the agent in the exercise of the authority of his agency. White v. Miller, 71 N. Y., 118, 135.
*451 And that the judgment debtor was present at the time when the evidence was taken did not of itself make it admissible as to him. Sheriden v. Smith, 2 Hill, 538.
It also appeared that the judgment debtor had been examined in proceedings supplementary to execution, and he was interrogated by the plaintiff’s counsel concerning statements made by him in the course of that examination. The defendants objected to the inquiries made, insisting that the witness should be first permitted to inspect the examination concerning which he was interrogated, and proposed to prove that the evidence had been subscribed by the judgment debtor. This objection, as well as the proposed proof, was overruled by the referee, and the witness was obliged to answer. In this respect the referee failed to comply with the legal rule affecting the proceeding, for the defendants were entitled to have the statement, concerning which the witness was interrogated, brought to his attention- as it appeared by the examination, before he could regularly be required to answer. It was a right of the party as well as of the witness that he should be allowed to see and peruse the statement before his answer should be taken. Gaffney v. People, 50 N. Y., 416, 423.
. And it was error on the part of the referee to refuse a compliance with the request which was made, and to direct the witness to answer, as he did, without the opportunity of examining or perusing his evidence.
A large number of other exceptions were taken to rulings upon evidence in the course of the trial which do not need to be at this time examined. Some of them are by no means free from doubt, while others are destitute of every legal foundation. But as the referee erred in his decisions which have already been examined, and they vitally affected the disposition of the action and the judgment cannot be held to have been clearly warranted by the other evidence upon the trial, it should be reversed and a new. trial ordered, with costs to abide the event. '
Brady, J., concurs.