## DANIEL J. McGIVERN *vs.* JOHN W. STEELE.

Suffolk.   November 14, 1907. — January 11, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Evidence*, Of testimony of witness at former trial, since deceased.   *Witness.   Practice, Civil*, Conduct of trial, Offer of proof.

Evidence of what a witness, since deceased, testified at a former trial is competent in any subsequent trial of the same issues between the same parties.

At the trial of an action of contract, a material fact for the plaintiff to prove was that a demand had been made on the defendant, to prove which the plaintiff, having shown that there had been a former trial of the case at which a witness, W., had testified, and that W. had died, desired to ask the defendant in cross-examination whether W. had not testified that such a demand had been made. The presiding judge ruled, " What statements W. made, I shall exclude." *Held*, that the ruling was wrong, the evidence being competent, and that, in view of the terms of the ruling of the presiding judge, the plaintiff, in order to have this exception sustained, was not required to show that the witness could give W.'s testimony with the necessary accuracy.

CONTRACT upon an account annexed. Writ in the Municipal Court for the City of Boston dated April 12, 1906.

There was a declaration in set-off, also upon an account annexed.

On appeal to the Superior Court, there was a trial before *Hardy*, J., whose ruling with regard to the question asked in cross-examination of the plaintiff by the defendant was as follows : " Statements made by a witness subsequent to a bringing of a suit are not competent, are they? . . . If you can find out from this witness that he has made any statements even to a man now dead, it is competent. What statements Wilkins made, I shall exclude." There was a verdict for the plaintiff, and the defendant alleged exceptions.

The case was submitted on briefs.

*P. B. Kiernan,* for the defendant.

*D. J. Maloney,* for the plaintiff.

Loring, J.   In support of his declaration in set-off, the defendant offered to show that a demand upon the plaintiff was made by one Wilkins in his (the defendant's) behalf.   And on this bill of exceptions (which is very meagre) we must assume that this was a material fact in support of the defendant's case. The defendant offered to prove this fact by asking the plaintiff on cross-examination, whether Wilkins had not so testified at the trial in the Municipal Court of the case then being tried. The defendant had previously proved by the plaintiff that Wilkins testified at the trial in the court below, and since then had died.   This was excluded by the presiding judge on the ground that " statements made by a witness subsequent to a bringing of a suit are not competent."

Had the competency of the testimony offered depended upon R. L. c. 175, § 66, the ruling would have been right.   But the ground on which the evidence was competent was that it was the testimony of a witness who had testified in court on the same subject matter and had since died; as to which, see *Commonwealth* v. *Richards,* 18 Pick. 434; *Warren* v. *Nichols,* 6 Met. 261 ; *Yale* v. *Comstock,* 112 Mass. 267 ; *Costigan* v. *Lunt,* 127 Mass. 354.

The exclusion of this testimony in the case at bar cannot be supported now on the ground that no offer was made to show that the plaintiff could repeat Wilkins's testimony with the necessary accuracy, as to which see *Yale* v. *Comstock,* 112 Mass. 267 ; *Warren* v. *Nichols,* 6 Met. 261; *Commonwealth* v. *Richards,* 18 Pick. 434.   There was no occasion for the defendant to go into that detail when the presiding judge had ruled that no testimony given by Wilkins after the commencement of the action then on trial would be admitted.

*Exceptions sustained.*