ANTONIO IBANEZ *vs.* JAMES O. WINSTON & others.

Berkshire.    September 14, 1915. — October 15, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Of testimony of witness at former trial.   .

The fact that a witness, who testified at a former trial, last was heard from in a
   foreign country, without any evidence in regard to the probable length of his
   absence or tending to show that the party seeking his testimony was ignorant
   of the time of his return or had made any attempt to induce him to return or
   to take his deposition or that there was any reason for not making such at-
   tempts, is not a sufficient ground for admitting in evidence his testimony given
   at the former trial.

TORT for personal injuries sustained by the plaintiff, who was a
native of Spain, on July 26, 1911, when he was alleged to have
been in the employ of the defendants at Pittsfield.   Writ dated
September 6, 1912.

In the Superior Court the case first was tried before *Hardy*, J.,
and the jury returned a verdict for the plaintiff.   The defendants
alleged exceptions, which were disallowed by the judge and were
proved before a commissioner.   The exceptions were allowed and
were sustained in a decision reported in 218 Mass. 469.

There was a new trial before *Fox*, J., at which the plaintiff offered
in evidence under R. L. c. 175, § 68, a transcript of the testimony
of one Manuel Cebrian Landrez given at the first trial of the case.
The plaintiff offered "to show that at the last account the witness
was in Spain;" that he was a native of Spain and was a fellow
workman of the plaintiff at the time of the accident; that he was
only two yards away from the plaintiff when the plaintiff was in-
jured and that he saw the caving in of the ditch that caused his
injuries.   The transcript of testimony was excluded by the judge,
subject to the plaintiff's exception.

The jury returned a verdict for the defendants; and the plain-
tiff alleged exceptions.

*I. H. Gamwell,* (*J. A. Baker* with him,) for the plaintiff.

*F. W. Knowlton,* for the defendant.

PIERCE, J.   It is a well established rule that evidence of what a deceased or now insane person testified at a former trial is competent in any subsequent trial of the same issue between the same parties or their privies, provided the former testimony can be substantially reproduced in all material particulars.   *Commonwealth* v. *Richards*, 18 Pick. 434.   *Yale* v. *Comstock*, 112 Mass. 267.   *Costigan* v. *Lunt*, 127 Mass. 354.   *Temple* v. *Phelps*, 193 Mass. 297, 299.   *McGivern* v. *Steele*, 197 Mass. 164.   *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 385.   In *Commonwealth* v. *McKenna*, 158 Mass. 207, it was held not enough to justify the admission of this kind of secondary testimony that the witness at the former trial was seventy-three years of age, ill and unable to appear in court.   It is true that this decision dealt with testimony offered in a criminal trial, but that fact was of no importance, as the former testimony offered was given under the sanction of an oath in the presence of the defendant and subject to his cross-examination. *Commonwealth* v. *Richards*, 18 Pick. 434.   As respects this kind of testimony the rule in both civil and criminal cases is the same. The reason for the admission of such testimony is founded upon necessity and has for its end the attainment of substantial justice.

In the case at bar the testimony of the absent and former witness was material to the establishment of the plaintiff's case in chief and was also material in rebuttal of the defendant's case.

It appears, without more, that the former witness was last heard from in Spain.   No testimony was given or offered of the time of the former witness's departure from the jurisdiction of the court, of the probable length of his absence or the likelihood of his speedy return, or of the plaintiff's ignorance thereof.   There was no testimony or offer of testimony of any attempt to produce or induce the return of the witness, to take his deposition or to excuse such non-action.

The case at bar presents the bare question whether the mere unexplained absence from the jurisdiction of the former witness is as matter of law an adequate and controlling reason for the admission and introduction in evidence of the former testimony of the absent witness.

However it may be in other jurisdictions, it would seem to be clear on principle and by authority, so far as may be inferred from the decisions above cited, that such a rule should not be the law.

There is nothing in the exceptions from which it may be found or rightly inferred that the plaintiff refrained from further offer of proof because of the attitude or ruling of the presiding judge, and the case of *McGivern* v. *Steele, supra,* affords no support for such contention.

*Exceptions overruled.*