**Commonwealth of Massachusetts**
**vs.**
**Oliver KIRKLAND**

**Nos. 030200, 030201, 030508**

Superior Court
Commonwealth of Massachusetts

**September 23, 1981**

**Robert Cooperstein**, counsel for plaintiff

**John Amabile**, counsel for defendant

## RULING, ORDER AND MEMORANDUM OF DECISION ON THE COMMONWEALTH'S MOTION FOR USE OF PRIOR RECORDED TESTIMONY

### Introduction and Facts

The defendant is charged with assault with intent to commit rape and with two instances of unlawful possession of controlled substances. The assault with intent to commit rape purportedly occurred more than two years ago, on August 21, 1979, and the underlying facts as set out in the transcript of the probable cause hearing allege a very serious offense. The probable cause hearing occurred on March 19, 1980, the defendant was indicted on the first Monday of April, 1980 and he was arraigned and pleaded not guilty on April 30, 1980. Thereafter, as is typical and as reflected in the Clerk's Minutes, the case was called into court for hearings on relatively minor and routine motions. The defendant appeared at some of those hearings and was apparently excused from attending other hearings. The defendant was on "technical" default from March 25, 1981 until April 15, 1981. The complaining witness or victim of the alleged assault with intent to rape departed the United States to travel to Germany a few months ago and she will remain there until July, 1982. Counsel for the Commonwealth was aware of the victim's travel plans in advance and he sought neither to prevent her trip nor has he sought her return prior to July, 1982. The Commonwealth has moved "to allow the Commonwealth to introduce at trial the victim's testimony taken at the Probable Cause hearing in this case. This testimony was taken under oath and the victim was cross-examined at the time by counsel for the defendant. As reasons therefor, the Commonwealth states that the victim

has just recently moved to West Germany and will not return to the United States until July of 1982." The Commonwealth has predicated its motion on the purported "unavailability" of the victim.

### Ruling, Order and Memorandum of Decision

After a hearing, I rule and ORDER the Commonwealth's motion be and hereby is denied for the following reasons. A witness is unavailable if between the period of the initial testimony sought to be introduced as prior recorded testimony and the trial as, for example, when the witness dies, **Commonwealth v. Mustone,** 353 Mass. 490, 491-492 (1968); disappears, **Commonwealth** v. **Gallo,** 275 Mass. 320, 334 (1934); becomes insane, **Temple** v. **Phelps,** 193 Mass. 297, 304 (1906); marries the defendant and asserts the privilege not to testify against one's spouse, **Commonwealth** v. **DiPietro,** 373 Mass. 369, 383 (1977); asserts the privilege against self-incrimination, **Commonwealth** v. **Cannon,** 373 Mass. 494, 499-500 (1977), **cert. denied,** 435 U.S. 933 (1978); or cannot travel due to physical disability, **Vigoda** v. **Barton,** 348 Mass. 478, 486 (1965).

Under prior Massachusetts case law addressing the issue more squarely, temporary absence of a witness does not render that witness unavailable. K.B. Hughes, Evidence, Sec. 466, at 633-634 (1961); see, **Commonwealth** v. **Gallo, supra,** at 332. Moreover, a witness absent from the Commonwealth but last known to be in a foreign country is not unavailable unless the prosecutor established that it had attempted to produce the witness or to induce him to return. **Ibanez** v. **Winston,** 222 Mass. 129, 130 (1915); Hughes, **supra,** Sec. 466, at 633-634; see, **Commonwealth** v. **DiPietro, supra,** at 381.

This unwillingness to find an absent witness unavailable unless the prosecutor takes measures to produce the witness accords with the federal standard of unavailability. Fed. R. Evid. 804(a) (5) declares that an absent witness is unavailable only if the party seeking admission of the prior reported testimony has not been able to obtain the presence of the witness "by process or other reasonable means." The counterpart to Rule 804(a) (5) under the Proposed Massachusetts Rules of Evidence adopts virtually the same language of the federal rule. Proposed Mass. R. Evid. 804(a) (5), Adv. Comm. Note (a). Consequently, federal construction of unavailability may be of assistance in determining unavailability under the proposed Massachusetts rule.

In reviewing a state court determination of unavailability, the United States Supreme Court declared that a "witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." **Barber** v. **Page,** 390 U.S. 719, 724-725 (1968). The Supreme Court thereafter held that the permanent residency of a witness in a foreign country sufficed to establish the unavailability of the witness. **Mancusi** v. **Stubbs,** 408 U.S. 204, 211-213 (1972). In reaching its decision the **Stubbs** Court weighed heavily the powerlessness of the state to compel the presence of the witness at the second trial. **Id.** at 212. As the dissent in **Stubbs** pointed out, however, subsequent to Stubbs' trial, Congress has granted federal courts the power to compel American citizens living abroad to appear at a state trial. **Id.** at 222 (Marshall & Douglas), JJ., dissenting); see, 28 U.S.C. Sec. 1783 (1976).

To the extent **Stubbs** rests upon the power to compel the appearance of

witnesses, Congress' grant to power to federal courts would minimize the significance of **Stubbs. Mancusi** v. **Stubbs, supra** at 222 (Marshall & Doughas, JJ., dissenting). Although the state may have to rely upon the assistance of a federal district court and, as a practical matter, the compliance of the witness, "the possibility of a refusal is not the equivalent of asking and receiving a rebuff." **Barber** v. **Page,** 381 F.2d 479, 481 (10th Cir. 1967) (Aldrich, J., dissenting), rev'd, 390 U.S. 719 (1968). Consequently, **Barber** would provide the controlling law and the state would have to show a good faith effort to obtain the presence of the witness at trial. **Mancusi** v. **Stubbs, supra,** at 222 (Marshall & Douglas, JJ., dissenting).

The availability of speedy, safe and efficient intercontinental air transportation, which I judicially notice, must supply the basis for determining the reasonableness of attempts to produce a witness located in a foreign country. **Government of Virgin Islands** v. **Aguino,** 378 F.2d 540, 552 (3rd Cir. 1967). The reasonableness of an effort to secure a witness for trial "must be judged, not by artificial boundaries, but by limitations of time and distance." **Id.** Consequently, prior to receiving a determination of unavailability, the party seeking admission of prior testimony should and must establish its willingness to reimburse a witness, whose whereabouts are known, for those reasonable expenses necessary to achieve the attendance of the witness at trial. See, **id.** The prosecutor in this case has failed to demonstrate any such willingness or any other attempt to procure the presence at trial of the alleged victim. The prosecutor, therefore, has failed to establish that the witness is unavailable.

Other facts distinguish the case at bar from **Stubbs.** See, J. Weinstein & M. Berger, Weinstein's Evidence, P. 804(a) (01), at 804-46 (1979) (state courts should confine **Stubbs** to its facts). In this case, the alleged victim is in West Germany for a temporary period, whereas the witness in **Stubbs** was a permanent resident of a foreign country. As discussed earlier, temporary absence does not render a witness unavailable. Moreover in this case, unlike in **Stubbs,** the prosecutor knew of the alleged victim's plans to leave the country and apparently made no attempt to secure her presence by judicial means such as a subpoena. The duty to use reasonable efforts to produce the attendance of a witness at trial implies a duty to utilize available means, such as placing the witness under subpoena, to prevent the witness from leaving the jurisdiction. **United States** v. **Mann,** 590 F.2d 361, 366, 368 (1st Cir. 1978). The prosecutor in this case may have been able to prevent the alleged victim from leaving the Commonwealth by issuing a summons and holding her as a material witness (see, **Commonwealth** v. **Blodgett,** 1979 Mass. Adv. Sh. 636, 640-641; G.L. c. 233, Sec. 1), but, however, he has apparently failed to utilize such means or any other means to dissuade her from departing. Consequently the prosecutor has failed on an additional basis to establish the unavailability of the alleged victim.

**Paul G. Garrity**
**Justice of the Superior Court**