COMMONWEALTH *vs.* JAMES S. ROSS.

Berkshire. November 4, 1997. - January 30, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Presumptions and burden of proof. *Rules of Criminal Procedure. Evidence,* Previous testimony of unavailable witness, Identification, Photograph. *Witness,* Unavailability. *Constitutional Law,* Confrontation of witnesses. *Identification.*

In a criminal case, the Commonwealth did not carry its burden of demonstrating that a witness was unavailable within the meaning of Mass. R. Crim. P. 35 (g) so as to warrant the admission of the witness's deposition pursuant to that rule as substantive evidence, in circumstances in which the witness was in a foreign country and the Commonwealth failed to demonstrate a reasonable effort to obtain the witness's presence; the defendant was entitled to a new trial on the indictment supported by the deposition evidence, and on other indictments that were tainted by that evidence. [557-560]

At the retrial of indictments, where the photographic identification of the defendant had not been shown to be impermissibly suggestive, the credibility of the witness's identification testimony would be a matter for the jury's consideration. [560]

INDICTMENTS found and returned in the Superior Court Department, two on July 22, 1994, and five on October 21, 1994.

A pretrial motion to suppress evidence was heard by *Mary-Lou Rup*, J., and the cases were tried before her.

The Supreme Judicial Court granted an application for direct appellate review.

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

*David F. Capeless*, Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. Rule 35 (g) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 906 (1979), provides that, other conditions being met, a deposition may be admitted as substantive evidence in a criminal trial "if the judge finds that the deponent is unavailable." At the time of the trial of this case, an

Commonwealth v. Ross.

alleged victim of two of the crimes charged against the defendant was a student in Israel and on spring break in Rome. Based on these facts alone, the trial judge ruled that the student was unavailable and allowed her videotaped deposition to be shown to the jury. To justify the admission of that deposition at trial, the prosecution had to demonstrate, in the words of rule 35 (g), that it had "been unable to procure the deponent's attendance by process or other reasonable means." Because there was no demonstration that the deponent was unwilling to return to testify, with or without financial assistance, the Commonwealth failed to demonstrate her unavailability within the meaning of rule 35. There must be a new trial.

The defendant was convicted of (a) several charges of breaking and entering residential facilities at Williams College with the intent to commit a felony and (b) one charge of indecent assault and battery.[1] We granted his application for direct appellate review. We briefly summarize the evidence that supported these convictions. At various times on October 22 and 23, 1993, the defendant entered the residential quarters of several Williams College students, all but one of whom was a woman. In each instance he was seen and later identified by the student.

The most serious incident, in terms of the defendant's conduct and the sentence imposed, involved his alleged intrusion into the dormitory room of the student who was studying in Israel at the time of the trial. About 5:30 A.M. on Saturday, October 23, that student was awakened in her bed when she felt something warm touching her left breast. She made a startled noise and turned to see a man two feet from her. He stepped back, said, "Oh, I'm sorry, I was just looking for Melissa," and left. Several weeks after the incident, she identified a photograph of the defendant as that of the intruder. She also identified the defendant at her deposition. In his appeal, the defendant challenges the admission of evidence of that photographic identification, in addition to his general challenge to the admission of any portion of the deposition.

Later that morning, the defendant entered the dormitory room of another Williams student who was sleeping on the top level of a bunk bed. At about 7 A.M., she awoke because she felt someone touching her legs and back. As she rolled over, she saw the defendant leaving the room. Minutes later another

[1]He was also convicted of assault and battery but has not challenged that conviction in his brief on appeal.

student, living on the same floor of the same dormitory, awoke to see the defendant looking down at her sleeping roommate. She said, "Hello." The defendant turned around and said, "Oh, I'm here for your roommate." He then asked when the roommate would get up, said, "I'll just come back in half an hour," and left.

On Friday night, October 29, 1993, about one week later, a Vermont patrol deputy stopped the defendant for speeding. The deputy found a credit card of a Williams student on the ground beside the automobile. The card's owner testified that she normally kept it in a wallet that, when it was not with her, was in a desk or bureau in her dormitory room. The deputy also found a Williams College photographic directory in the defendant's vehicle. Another Williams student testified that, earlier on the evening of the defendant's arrest, she had seen him standing on a landing of a stairwell in her dormitory, holding a Williams freshmen directory. Later, several Williams students who had seen the intruder on various occasions selected the defendant's photograph from an array prepared by a Williamstown police officer on the basis of descriptions of the intruder that the students had provided him.

1. We consider first the admission of the absent student's deposition testimony. That evidence was, of course, crucial to the charges of indecent assault and battery on that student and of breaking and entering her dormitory room with intent to commit a felony. Moreover, it significantly supported the Commonwealth's claim that the jury could find, as the judge charged, that indecent assault and battery, assault with intent to rape, and rape were among the felonies that the defendant intended to commit at the time of the various other break-ins.

The Commonwealth had the burden of proving that the witness was unavailable to testify at the time of trial. *Commonwealth* v. *Bohannon*, 385 Mass. 733, 744 (1982). See Proposed Mass. R. Evid. 804 (a) (5), including within the definition of the unavailability of a witness the absence of the declarant "from the hearing [where] the proponent of his statement has been unable to procure his attendance by process or other reasonable means." A defendant's State and Federal constitutional rights to confront witnesses against him require a showing that a witness is unavailable. *Commonwealth* v. *Siegfriedt*, 402 Mass. 424, 427 (1988). The Commonwealth must exercise substantial diligence in order to meet its burden of

showing a witness's unavailability. See *Commonwealth* v. *Childs*, 413 Mass. 252, 260-262 (1992). We interpret rule 35 (g)'s requirement of unavailability with these constitutionally prescribed protections in mind and shall adhere to a standard requiring reasonable diligence by the proponent of such testimony so that constitutional requirements will safely be met.[2]

The fact that the deponent was in another country is not, standing alone, sufficient under the common law of the Commonwealth to justify admission of her deposition testimony. *Ibanez* v. *Winston*, 222 Mass. 129, 130 (1915) (showing that witness was last heard from in Spain is insufficient proof of unavailability to permit introduction of testimony given at prior trial). See *Commonwealth* v. *DiPietro*, 373 Mass. 369, 381 (1977). The Appeals Court considered the unavailability of a witness who was residing in a foreign country in *Commonwealth* v. *Hunt*, 38 Mass. App. Ct. 291 (1995), saying "[t]hat a prospective witness is a foreign national outside the United States does not excuse the government from making diligent efforts to locate and secure the attendance of the witness." *Id.* at 295-296. "[T]he possibility of a refusal is not the equivalent of asking and receiving a rebuff." *Barber* v. *Page*, 390 U.S. 719, 724 (1968), quoting *Barber* v. *Page*, 381 F.2d 479, 481 (10th Cir. 1966) (Aldrich, J., dissenting).

The Commonwealth failed to demonstrate that it made a reasonable effort to obtain the witness's presence. The defendant first raised the question of the witness's unavailability at a pretrial hearing on his motion to suppress the witness's photographic identification. The Commonwealth's response was that "[t]he unavailability is that the witness is out of the country." The prosecutor told the judge that, because he assumed that she was still in Israel, "there have not been recent efforts by our office to contact her." The judge then advised the prosecutor to make further inquiry concerning the student's availability. A victim's assistance advocate connected with the office of the district attorney spoke by telephone with the

[2]Rule 804 (a) (5) of the Federal Rules of Evidence has similar language ("unable to procure the declarant's attendance . . . by process or other reasonable means"). Whatever the Federal constitutional standard may be under the confrontation clause, the requirements of rule 804 (a) (5) certainly meet and may exceed that standard. See 4 J. Weinstein & M. Berger, Evidence par. 804(a)[01], at 804-58 — 804-59 (1993).

student's mother who reported that her daughter was "currently a student at Tel Aviv University on spring break this week in Rome." Her daughter was not expected to return to this country for ten weeks.

The judge acknowledged that the Commonwealth neither undertook to see whether the student would be willing to return to testify nor offered to pay her plane fare if she were willing to come. The judge admitted the videotape of the student's deposition at the hearing on the motion to suppress and, on the following morning, ruled that the witness was unavailable and that her deposition testimony could be admitted at trial. Because the record fails to demonstrate that the Commonwealth made reasonable efforts to obtain the witness's presence at trial, the admission of her deposition testimony was error. The convictions of the crimes involving this witness, therefore, must be reversed.

2. We turn to the question whether the other convictions are sufficiently untainted by the error to permit them to stand. We conclude that they are not.[3]

The judge instructed the jury that there were four felonies they could possibly find that the defendant intended to commit when he entered the various student residences: larceny, indecent assault and battery, assault with intent to rape, and rape. The jury verdicts of guilty did not identify which felony or felonies they found the defendant had intended to commit. Three of these felonies, excluding larceny, involve intended sexual misconduct. Only the intrusion involving the student whose deposition was erroneously admitted involved a clearly indecent touching. It would have been far more difficult for a jury to infer an intent to commit indecent assault and battery, assault with intent to rape, or rape without the absent student's testimony that the defendant touched her breast. We are unable

---

[3]The crimes were committed in the same general area, at successively closely related times, and were of a similar character. The issue as to all charges was identity. The trial of the indictments together was plainly appropriate. See *Commonwealth* v. *Mamay*, 407 Mass. 412, 416-417 (1990).

We see no error in allowing the witness's deposition to be taken. With numerous witnesses who lived in various parts of the country and might study abroad, the logistics of coordinating their presence at trial were substantial. Indeed, the witness might have proved to have been truly unavailable at the time of trial, as was another student witness whose deposition testimony was admitted at trial and is not challenged on appeal.

to rule that the challenged deposition testimony could not have affected the other verdicts that are challenged on appeal.[4]

3. There remains an issue that will arise on the retrial of the indictments involving the student who was studying in Israel at the time of the trial. The defendant challenges the admissibility of that student's identifications of him from an array of photographs and later at her deposition. The defendant does not challenge the admissibility of identifications that other students made from the same photographic array in substantially identical circumstances.

The defendant relies on the facts that (a) the police officer testified that the absent student had said that she saw only a silhouette of the man in her room and that she made the identification due to his hair, (b) the student reported that there was very little light in the room, (c) she said that she could not make out the features of the intruder, and (d) photographs of others in the array did not have the same hair style that appeared in the defendant's photograph. Negating the impact of these assertions are the photographs themselves and the student's earlier report that the man was very thin with glasses and straight shaggy hair including bangs. The question of the credibility of the witness's identification testimony was for the jury if the photographic identification process was not impermissibly suggestive. See *Commonwealth* v. *Holland*, 410 Mass. 248, 253 (1991); *Commonwealth* v. *Warren*, 403 Mass. 137, 139 (1988); *Commonwealth* v. *Parker*, 389 Mass. 27, 31 (1983).

The motion judge, who was also the trial judge, was warranted in concluding that the array of photographs, prepared on the basis of the descriptions all the students had given, was fair and not impermissibly suggestive. All photographs were of white males of approximately the same age with thin, long faces. Although the hair styles varied, the photographs were reasonably related to the various descriptions of the intruder that the students had given. There was no error.

4. The judgments are reversed, the verdicts set aside on all

---

[4]Because the issue may arise at retrial, we express our disagreement with the defendant's argument that the evidence, taken as a whole, did not permit a fair inference that he entered the various premises with the intent to rape or to assault with intent to rape. He seems to concede that there was sufficient evidence to warrant an inference that he entered with the intent to commit an indecent assault and battery.

the indictments that are the subject of this appeal, and the cases are remanded for a new trial. We affirm the order denying the defendant's motion to suppress the out-of-court identifications of him by the absent student and the order authorizing the deposition of that student.

*So ordered.*