BARBARA L. BURNS, administratrix, vs. COMBINED
INSURANCE COMPANY of AMERICA.

Suffolk.    October 17, 1977. — March 7, 1978.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Insurance*, Disability, Group insurance, Proof of loss. *Evidence*, Opin-
ion: expert; Business records.

In an action to recover total disability benefits under a group insur-
ance policy there was sufficient evidence from which the jury could
have found that the plaintiff was an eligible employee within the
terms of the policy during a two-month period when he performed
no work for his employer because of ill health but continued to
receive his full salary, and that he became totally disabled before
the end of this period. [89–90]

In an action to recover total disability benefits under a group insur-
ance policy the proof of loss submitted by the claimant was suffi-
cient to place an obligation on the insurance company to seek fur-
ther relevant information, even through it contained no express
statement that the claimant was employed when his total disability
commenced. [90–91]

At the trial of an action to recover total disability benefits under an
insurance policy there was no error in permitting a doctor to give
his opinion as a medical expert that the plaintiff was totally disa-
bled after a certain date. [91]

At the trial of an action to recover total disability benefits under an
insurance policy there was no abuse of discretion in the exclusion
of a deposition by a personnel director of the company which had
employed the plaintiff where it appeared that the business records
from which the deponent was testifying were prepared before he
became personnel director and after the plaintiff's employment had
been terminated and that the deponent did not know whether the
records were complete. [91–92]

At the trial of an action to recover total disability benefits under a
group insurance policy the admission of testimony respecting a
certain conversation, even if error, was harmless where later tes-
timony gave similar *information*. [92]

CIVIL ACTION commenced in the Superior Court on July 25, 1975.

The case was tried before *Mazzone, J.*

*Edward S. Rooney, Jr.,* for the defendant.

*Herbert D. Lewis* for the plaintiff.

KEVILLE, J. This is an action of contract brought originally by James H. Burns, Jr. (Burns), in which he sought to recover benefits for total disability under a group insurance policy issued by the defendant, Combined Insurance Company of America (America), to Burns' employer, Interstate National Corporation (Interstate). Burns died while the action was pending. His widow, as administratrix of his estate, was substituted as party plaintiff.[1]

America's answer alleged in substance (1) that Burns was not covered under the policy at the time his total disability commenced and (2) that he had not filed a proper proof of loss within the meaning of the policy.

The case was tried to a jury which returned a verdict for the plaintiff in a stipulated amount. At the close of all the evidence the judge denied America's motion for a directed verdict, and after the verdict, he denied its motion for judgment notwithstanding the verdict. The case is here on the defendant's appeal.

Pertinent facts may be summarized as follows. In 1964 a malignant growth was removed from Burns' neck. In 1967 he went to work for Interstate as branch manager of its Boston office. He was then forty years of age. In 1971 he underwent surgery for the removal of his left eye as the result of a "malignant melanoma." He soon returned to work on a full time basis. In February, 1974, he saw Dr. Morgan who had been his family physician for several years. He complained of night sweats, weight loss and recurrent fever. Dr. Morgan believed that Burns had a Hodgkin's type disease. In April that diagnosis was surgically confirmed following Dr. Morgan's referral of the

---

[1] Interstate was originally a party but the action against it was dismissed.

patient to Dr. Adner, a hemotologist. Burns was then put on chemotherapy, a course of treatment which continued until his death on September 10, 1975.

In May, 1974, Burns had returned to work on a full time basis. In August, due to poor health and after consultation with his immediate supervisor, Burns hired a replacement for himself as manager of the Boston office. At that time his replacement was aware that Burns had a health problem. From September 1, 1974, until October 28, 1974, he was continued in Interstate's employ assisting in the growth of new business for the company office in Portland, Maine, insofar as his health would permit. On October 29, Burns was dismissed from work by Interstate but was retained on the company payroll at his usual salary until December 31; but, from October 29 to December 31, he performed no services for Interstate. He returned to the office only to pick up his paycheck.

During November and December, 1974, his condition deteriorated. He had no appetite and ran a temperature. He seldom left the house. He slept a lot, and in December he suffered bleeding from the orbit of his left eye. He returned first to Dr. Morgan and then to Dr. Adner. In April, 1975, he was readmitted to the hospital and then discharged. On August 28, 1975, he was again hospitalized and he died on September 10, 1975. An autopsy revealed the cause of death to be a melanoma arising from primary tumor in the eye. The melanoma had metastasized to most of the organs of his body. Dr. Morgan had seen Burns on six occasions from February 15, 1974, to August 5, 1975. He had received a history from his patient and had been kept informed via reports received from Dr. Adner. Dr. Morgan testified that in his opinion Burns had been totally disabled from November, 1974.

The group insurance policy provided coverage for total disability for any "eligible" employee. The policy defined total disability as "the inability of the insured to perform the duties of his occupation." Eligibility was limited to "active full-time salaried employees." Full time was de-

fined as a minimum of twenty hours a week of active employment. Coverage was terminated when an employee left or was dismissed from employment or was no longer eligible.

In our view there was sufficient evidence from which the jury could have found that Burns' physical condition met the total disability requirement of the policy prior to the termination of his employment which did not occur until December 31, 1974, and that until that date he retained his status as an eligible employee under the policy.

The fact that Burns was unable to perform the work for which he was employed did not necessarily terminate the relationship of employer and employee (*Shea* v. *Aetna Life Ins. Co.*, 292 Mass. 575, 582–583 [1935]); and whether that relationship continued until December 31, 1974, was a question of the intention of the parties to be resolved by the jury. See *ibid.*; *John Hancock Mut. Life Ins. Co.* v. *Shoun*, 28 Tenn. App. 425, 429 (1945). Contrast *Beecey* v. *Travelers Ins. Co.* 267 Mass. 135, 138 (1929).

On the question of his continuing eligibility, it is not disputed that between October 29 and December 31, 1974, Burns performed no services for Interstate, nor is it disputed that during that period he was paid the same salary he had been receiving in the course of his employment up to October 29 as a full time employee. In light of the fact that he was, from that date on, barred from performing further services for Interstate, the jury could have found little merit in America's contention that Burns' failure to meet the twenty-hour-a-week provision during his last two months of employment altered his status as an eligible employee under the policy. Were that contention to prevail, employees who were on vacation or sick leave would also be summarily excluded from coverage. Compare *Morris* v. *Mutual Benefit Life Ins. Co.*, 258 F. Supp. 186, 189–190 (D. Ga. 1966). As the definition of an "eligible" employee was ambiguous in its application to the facts of the present case, the action of the judge in permit-

ting the jury to resolve the ambiguity was proper. 1 Couch, Insurance § 15.4, at 639 (2d ed. 1959).

We find no error in the judge's instruction to the jury that the proof of loss submitted by Burns was, as matter of law, "sufficient to satisfy the requirements of the policy," or in his failure to instruct the jury on this and other aspects of the case in the manner requested by America. The purpose of the requirement of "due proof" is to allow the insurance company to "form an intelligent estimate" as to whether recovery under the policy is warranted. *Howe* v. *National Life Ins. Co.,* 321 Mass. 283, 285 (1947). *Krantz* v. *John Hancock Mut. Life Ins. Co.* 335 Mass. 703, 707 (1957). *King* v. *Prudential Ins. Co. of America,* 359 Mass. 46, 54 (1971). *Washington* v. *Metropolitan Life Ins. Co.,* 372 Mass. 714, 718 (1977).

Proof of loss requires more than mere notice to the insurance company that a claim is being made. *Belbas* v. *New York Life Ins. Co.,* 300 Mass. 471, 473 (1938). *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626, 629 (1942). *Washington* v. *Metropolitan Life Ins. Co., supra* at 715. Though such proof requires more than mere notice sufficient to put the insurer on inquiry, "the requirement of due proof is not a shield behind which an insurer may hide silently in the hope that the claimant will fail to submit due proof of what is a valid claim. . . . [A]n insurer may have a good faith duty in particular circumstances to request additional information. If the initial proof is inconclusive but contains information reasonably suggesting that the claim may be valid, an insurer has the duty of further inquiry, at least to the extent of inviting the submission of further information in support of the claimant's position. We have long recognized that an insurer may request further proof and any additional submission should be considered in assessing whether the claimant submitted adequate proof under the policy." *Id.* at 718–719.

Here, although the proof of loss submitted by Burns contained no express statement that he was an employee

when his total disability commenced, that assertion was implicit in his claim. The proof of loss stated that Burns was unable to perform any duties after November, 1974, and Interstate was identified on the form as Burns' employer. On the employer's portion of the form Interstate listed Burns under "employee's name," and gave his monthly salary. That information was sufficient to place an obligation upon the insurance company to seek further relevant information, absent a showing that such information was unavailable. Compare *Id.* at 720.

We turn to America's objections to certain evidentiary rulings of the judge. 1. We discern no abuse of discretion in permitting Dr. Morgan to give his opinion as a medical expert, that Burns was totally disabled beginning in November, 1974. *Commonwealth* v. *Devlin,* 365 Mass. 149, 152 (1974). The judge could have found that the doctor's several personal examinations of his patient formed a sufficient basis for his opinion supplemented as they were by the reports which he had received from the specialist to whom he had referred his patient. *Trani's Case,* 4 Mass. App. Ct. 857 (1976). See *Moore* v. *Cataldo,* 356 Mass. 325, 329–331 (1969); McCormick, Evidence § 15 (2d ed. 1972). Nor was Dr. Morgan's testimony necessarily to be excluded simply because his opinion reached or approached one of the ultimate issues before the jury particularly where the judge could have found that the witness was qualified to express an opinion in the domain of professional knowledge which would be of assistance to the jury. *Coulombe* v. *Horne Coal Co.,* 275 Mass. 226, 229–230 (1931). *Commonwealth* v. *Chapin,* 333 Mass. 610, 625, cert. denied, 352 U.S. 857 (1956). *Commonwealth* v. *van Kooiman,* 353 Mass. 759 (1967). *Commonwealth* v. *Siano,* 4 Mass. App. Ct. 245, 248–249 (1976). McCormick, Evidence § 12 (2d ed. 1972).

2. There was no abuse of discretion in the judge's exclusion of a deposition given by Interstate's personnel director where there was evidence that the business records from which the deponent was testifying were prepared

before he became personnel director and after Burns was discharged from Interstate and that the deponent did not know whether the records from which he was testifying were complete. Rule 32(a)(3) of Massachusetts Rules of Civil Procedure, 365 Mass. 787 (1974), provides that under specified conditions a deposition may be admissible at trial "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." General Laws c. 233, § 78, provides in part that the court may, in its discretion, require, as a condition to admissibility of business records, that the party offering the evidence call as his witness one who has personal knowledge of the facts stated in the records. See and compare *Sellew* v. *Tuttle's Millinery Inc.*, 319 Mass. 368, 371 (1946).

3. We conclude that, if the admission in evidence of testimony of a conversation among Burns, his wife, and an employee of Interstate in the summer of 1974 was error, it was, in the circumstances, harmless error; and it need not be decided whether that testimony was admissible as a declaration against interest or as an admission of a party opponent. The testimony objected to was a statement by one Pagnini of Interstate assuring Mrs. Burns that if Burns hired his own replacement he could take the rest of the year off until he felt better. That testimony was harmless in light of subsequent testimony from another Interstate employee called by America that after hiring his own replacement on September 1, 1974, Burns was assigned to the Portland office to work "as his health would admit." *Newton Constr. Co.* v. *West & So. Water Supply Dist. of Acton*, 326 Mass. 171, 174 (1950). *Saeli* v. *Mangino*, 353 Mass. 591, 593 (1968).

4. Finally, the judge's exclusion of a document attached to the proof of loss by Interstate was at most harmless error for the document contained no facts favorable to the defendant. See *Warren* v. *Ball*, 341 Mass. 350, 356 (1960); Mass.R.Civ.P. 61, 365 Mass. 829 (1974); Smith & Zobel, Rules Practice § 61.2 (1977); 5A C.J.S. Appeal & Error § 1741 (1958).

*Judgment affirmed.*