COMMONWEALTH *vs.* MAURICE A. COOK. August 3, 1981. This is an appeal from a conviction of an indictment charging rape. The defendant's sole claim of error is that the judge refused to admit prior recorded testimony, given by a person now claimed to be unavailable, in a proceeding addressed to substantially the same issue as in the current proceeding. See *Commonwealth* v. *Meech*, 380 Mass. 490, 493-494 (1980). See also *Commonwealth* v. *Canon*, 373 Mass. 494, 499 (1977), cert. denied, 435 U.S. 933 (1978). On the record presented on this appeal we have no basis for concluding that the judge erred in refusing to allow the defendant to read into the record the witness's testimony at the earlier trial of the defendant's brother.[1] (See *Commonwealth* v. *Cook*, 10 Mass. App. Ct. 668 [1980].)

By motion the defendant requested that the testimony of a witness at that earlier trial be admitted in evidence. See Fed.R.Evid. 804 (b)(1). Both counsel represented to the court that the witness had indicated her unwillingness to testify. The judge denied the motion, saying that "I issued a bench warrant and had her brought in. She's in court today." Defense counsel knew that the witness was in a ladies' room in the court-

---

[1] Even though the instant proceeding concerned a different defendant on a different indictment, we have assumed for purposes of decision, as did the parties below, that "[t]here is no requirement of 'privity,' 'reciprocity,' or 'mutuality . . . .'" *Commonwealth* v. *Canon*, *supra* at 500. See McCormick, Evidence §§ 256-257 (2d ed. 1972).

house and it was open to him to request that the judge have the witness brought into the courtroom. No explanation appears as to why no such request was made.

In these circumstances we are of opinion that the efforts of defense counsel were not sufficient to establish the witness's "unavailability" as that term is defined by the cases. See, e.g., *Commonwealth* v. *DiPietro*, 373 Mass. 369, 380-386 (1977). Cf. *United States* v. *Pelton*, 578 F.2d 701, 709-710 (8th Cir.), cert. denied, 439 U.S. 964 (1978) ("burden of producing an unavailable declarant [rests] upon the proponent of the evidence"). It takes more than a mere out-of-court refusal to testify, as here, for a court to deem a witness's testimony unavailable. Cf. *Commonwealth* v. *Canon, supra* (prior recorded testimony may be admitted when the witness is "physically unable to testify"). Compare Fed.R.Evid. 804(a)(2) & (5).

*Judgment affirmed.*

*John P. Courtney* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.