Worcester County Christian Communications, Inc. *v.* Board of Appeals of Spencer.

WORCESTER COUNTY CHRISTIAN COMMUNICATIONS, INC. *vs*.
BOARD OF APPEALS OF SPENCER.

Worcester. January 10, 1986. — April 16, 1986.

Present: GRANT, PERRETTA, & WARNER, JJ.

*Jurisdiction,* Zoning appeal. *Zoning,* Enforcement, Building inspector, Appeal to board of appeals, Educational use, Religious use, Radio station. *Words,* "Religious or educational purposes."

Where the board of appeals of a town had entertained a purported appeal from the town building inspector's failure to act on a certain application for a building permit, and had proceeded to decide the merits of the applicant's claim to a zoning exemption under G. L. c. 40A, § 3, for religious or educational uses of land, the board was precluded from asserting, in proceedings for judicial review of its decision, that it had never had jurisdiction to entertain the applicant's appeal. [84-86]

Although the record in a proceeding for judicial review of a decision of the board of appeals of a town gave some support to the judge's conclusion that the proposed use of certain land for a radio station would be a religious or educational use, and thus eligible for the zoning exemption provided by G. L. c. 40A, § 3, the question of the applicability of the exemption was to be passed upon in the first instance by the town building inspector. [87-88]

CIVIL ACTION commenced in the Superior Court Department on September 14, 1984.

The case was heard by *Herbert F. Travers, Jr., J.*

*Lawrence F. Army* for the defendant.

*Robert R. Waldo* for the plaintiff.

PERRETTA, J. After waiting a little over three months for the Spencer building inspector to act on its application for a permit to build a radio tower and ground broadcasting system, the plaintiff filed an appeal with the defendant board, asking the board to issue the permit. Construing the plaintiff's request as one for an order directing the inspector to act on the application, the board refused to issue any such directive. The reason

given by the board was that the plaintiff could obtain a permit only if it were exempt from zoning on the ground that it intended to use the radio station for religious or educational purposes. See G. L. c. 40A, § 3.[1] However, because the plaintiff's articles of organization (filed under G. L. c. 180) did not authorize it to advance religious purposes and because a "radio station is not educational in the sense that it should be exempt" from zoning regulation, it was unnecessary to order the inspector to act. On the plaintiff's appeal under G. L. c. 40A, § 17, the judge concluded that the plaintiff was entitled to the exemption. He annulled the board's decision and remanded the matter, ordering the board to direct the inspector to act on the plaintiff's application. We conclude that whether the plaintiff is exempt under § 3 is still an open question which must be decided, in the first instance, by the inspector. We amend the judgment to reflect our conclusion, and as amended, we affirm.

1. *Alleged jurisdictional defect.* In arguing for a reversal of the judgment, the board challenges the court's jurisdiction under G. L. c. 40A, § 17, by attacking its own jurisdiction to hear and decide the plaintiff's appeal under G. L. c. 40A, § 8, and § VII (B)(1) of the Spencer zoning by-law. We need not set out the board's argument in any detail. It is sufficient to state that it is based upon the fact that the inspector, by his failure to act, failed to file a decision with the town clerk, a condition precedent, alleges the board, to any appeal.

Two recent cases dealing with jurisdictional issues arising out of an inspector's failure to act on enforcement requests are sufficiently analogous to control and dispose of the board's contention. In *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. 471, 479 n.11 (1984), the court specifically left for "another occasion analysis of the concern that a slothful building inspec-

---

[1] General Laws c. 40A, § 3, as appearing in St. 1975, c. 808, § 3, provides in pertinent part: "No zoning . . . by-law shall . . . regulate or restrict the use of land or structures for religious purposes or for educational purposes on land owned or leased . . . by a nonprofit educational corporation; provided, however, that such land or structures may be subject to reasonable regulations concerning the bulk and height of structures and determining yard sizes, lot area, setbacks, open space, parking and building coverage requirements."

tor could prevent complaining parties from exercising their rights by doing nothing upon receipt of an enforcement request and whether, if the inspector refuses to act, the parties seeking enforcement may have an alternative to the time and expense which might accompany resort to a complaint in the nature of mandamus."[2] In *Hogan* v. *Hayes,* 19 Mass. App. Ct. 399, 402-403 (1985), the court concluded that under *Vokes,* an inspector's failure to make a written response to an enforcement request, either "voluntarily or by compulsion," did create a defect which could be raised in ensuing proceedings. However, the court went on to hold: "The defect, although it may be spoken of as 'jurisdictional,' appears not to be of such significance that a court must take notice of it even if the opposing party fails to press it, cf. Mass.R.Civ.P. 12(h)(3), 365 Mass. 757 (1974) (subject matter defect); rather, like a defect of 'personal' jurisdiction, it may be overlooked if not *timely* objected to, cf. Mass.R.Civ.P. 12(h)(i), 365 Mass. 757 (1974)" (emphasis supplied). Here the board raised the defect, but not until after the plaintiff had appealed under G. L. c. 40A, § 17.

Reading *Vokes* and *Hogan* together, we conclude that the board's assertion of want of jurisdiction for it to have entertained the plaintiff's appeal was not timely asserted in the circumstances of this case. The plaintiff sought a permit from the board on the specific ground that the inspector had failed to act. Knowing full well that only the inspector could issue (or deny the issuance of) the permit and that the inspector had failed to act, the board could have declined to act and thereby

---

[2] The board contends that when a person is aggrieved by an inspector's refusal or failure to act on an application for a building permit, the administrative remedy is an appeal to the State Building Code Appeals Board pursuant to 780 Code Mass. Regs. § 126.1 (1980). If there are certain situations in which this argument may have force, the instant case does not represent one of them. We see no applicability of the State Building Code to the question whether the plaintiff's intended use of its proposed radio station is for religious or educational purposes, as compared to issues involving the proposed structure itself, such as "structural strength, adequate egress facilities, sanitary conditions, equipment, light and ventilation and fire safety." 780 Code Mass. Regs. § 100.4 (1980). See also *Enos* v. *Brockton,* 354 Mass. 278, 280-281 (1968).

forced the plaintiff then to seek whatever alternative remedies it might have. See *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. at 479 n.11. However, the board deliberately construed the plaintiff's request as one simply seeking an order to the inspector to act. Rather than issuing the order, the board chose to do more. It reached the merits of the application, decided that the permit could not be granted as matter of law, and advised the plaintiff of its right of appeal under G. L. c. 40A, § 17. Now the board asks that the plaintiff be put to further expense and delay and be required to press its request anew in order to cure a jurisdictional flaw of no major significance. Had the board, on the basis of the jurisdictional ground presently asserted, refrained from hearing the matter and deciding it on the merits, we might well have been put to the task of deciding the question left open in *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. at 479 n.11. We conclude, however, that the judge correctly rejected the board's argument, as its actions constituted a waiver of the claimed jurisdictional defect. See *Hogan* v. *Hayes,* 19 Mass. App. Ct. at 402-403.

2. *The plaintiff's intended use.* In annulling the board's decision, the judge concluded that the plaintiff is a nonprofit educational corporation and that the purpose of the radio station is "both religious and educational in nature." The board does not dispute that the plaintiff is a nonprofit corporation, and there is record support for that fact.

What the board contends first is that the plaintiff has no right to further any religious purposes, as its articles of organization provide that the radio station is to be operated "exclusively for charitable, scientific, and educational purposes." The board claims that the plaintiff cannot advance any religious purposes without first amending its articles of organization. The argument lacks persuasive force. Cf. *Congregational Church of Chicopee Falls* v. *Attorney Gen.,* 376 Mass. 545, 549 (1978) ("[T]o hold that 'charitable' is not thus distinct from 'religious' and encompasses or engrosses 'religious,' appeals to common sense and conforms to ordinary speech. The point is strengthened by our remarks in *Matter of Troy,* 364 Mass. 15, 57-58 [1973] [an educational purpose, for example, has been considered charitable]").

Although the plaintiff is not an educational institution in the traditional sense of that phrase, that is, a school, we do not agree with the board's second contention that the plaintiff cannot, therefore, qualify for the G. L. c. 40A, § 3, zoning regulation exemption. By the plain language of that part of the statute relied upon by the plaintiff, see note 1, *supra,* all that is required is that the plaintiff be a nonprofit corporation intending to use its land or structures for religious or educational purposes. It may be that the formal trappings of religious and educational institutions assist in the determination that the intended use is for the appropriate limited purposes, but, as we read § 3, the exemption is not restricted to religious sects and educational institutions.

To determine whether the plaintiff's intended use is for religious or educational purposes and, hence, within the protective ambit of § 3, focus must be placed on the use of the structure rather than on the structure itself. See *Attorney Gen.* v. *Dover,* 327 Mass. 601, 603-604 (1951); *Whitinsville Retirement Soc., Inc.* v. *Northbridge,* 394 Mass. 757, 760 (1985); *Commission of Code Inspection of Worcester* v. *Worcester Dynamy, Inc.,* 11 Mass. App. Ct. 97, 100 (1980).[3] We think this especially pertinent in view of constant advances in the communications industry and their relationship to the furtherance of educational goals. Hence, the judge was correct in rejecting the board's premise that a radio station can never be educational within the meaning of § 3.

Evidence of the plaintiff's intended use of its proposed radio station is provided in its licensing application filed with the Federal Communications Commission (commission).[4] Attached

---

[3] The board cites *Gallagher* v. *Zoning Bd. of Adjustment,* 32 Pa. D.&C.2d 669, 673 (1963), as authority for the proposition that a radio station is not within the common understanding of church or religious use. The reliance is misguided. That decision is based on the peculiarities of the zoning code there controlling and providing, in pertinent part: "'[C]hurches, chapels, convents, monasteries, and their adjunct residential dwellings or other places of worship' are permitted uses . . . and . . . 'accessory uses . . . customarily incident to any of the . . . permitted uses' are permissible." *Id.,* at 670.

[4] The plaintiff's licensing application was specifically relied upon by the judge in reaching his conclusion that the intended use "is both religious and

to that application is a document labelled "Statement of Educational Purpose" which reads in full: "The station proposed will serve an educational purpose by presenting high quality programs designed to be educational, cultural, and informative in nature. The station will carry information pertaining to local events including local news, public affairs, and other programs of topical local interest. To the extent that the proposed station presents programs of a religious nature, those programs will be designed to enhance and improve the lives of our listeners. All religious denominations in the service area will be given an opportunity to present programming on the proposed facility."

From the plaintiff's "Proposed Program Schedule," also filed with its application before the commission, we learn that of the daily eighteen hours of airtime, approximately four hours will be for designated religious programs described only as "Morning Devotion," "Morning Service," "Inspirational Programs," "Evening Service," and "Evening Inspiration." Remaining hours are assigned to categories such as news, weather, sports, classical music, and community events.

There is evidence to show that the commission issued the plaintiff a license to operate its radio station in a "range of frequencies known as the "'Educational Band.'" It does not follow from this fact, however, that the plaintiff's use of the radio station is for religious or educational purposes within the meaning of § 3. There are very distinct differences between the purposes of zoning regulation ("to stabilize the use of property and to protect an area from deleterious uses," *Enos* v. *Brockton,* 354 Mass. 278, 280 [1968]) and radio communication licensing ("to maintain the control of the United States

educational in nature." The board, however, did not include the application in the record appendix, and the plaintiff argues that the board is precluded on its appeal from contesting the judge's conclusions. By reason of Mass.R.A.P. 18(a), as amended, 392 Mass. 1106 (1984), we are not bound by the board's failure to have included the application in the appendix. Because the board's failure does not reflect a total disregard for our procedural rules, we look to the application. Contrast *Kunen* v. *First Agricultural Natl. Bank,* 6 Mass. App. Ct. 684, 685-689 (1978); *Iverson* v. *Board of Appeals of Dedham,* 14 Mass. App. Ct. 951, 952 (1982).

over all the channels of radio transmission; and to provide for the use of such channels . . . ," 47 U.S.C. § 301 [1982].

Although the plaintiff apparently satisfied the commission's licensing requirements, see 47 Code Fed. Regs. § 73.503 (1985), there is nothing in those regulations which requires an applicant to make any demonstration of a furtherance of a "goal that reasonably could be described as educationally significant," *Whitinsville Retirement Soc., Inc.* v. *Northbridge,* 394 Mass. at 761 n.3, such as is necessary under § 3. However broad the phrase "religious or educational purposes" may seem, see, e.g., *Mount Hermon Boys' School* v. *Gill,* 145 Mass. 139, 146 (1887), in the context of zoning those words "should be interpreted 'according to the common and approved usages of the language . . . without enlargement or restriction and without regard to . . . [the court's] own conceptions of expediency.'" *Moulton* v. *Building Inspector of Milton,* 312 Mass. 195, 198 (1942), quoting from *Commonwealth* v. *S.S. Kresge Co.,* 267 Mass. 145, 148 (1929).

Our holding is a narrow one. We do not conclude that the plaintiff's intended use can never be exempt from regulation under § 3 or that its presently intended use may not in fact be for religious or educational purposes. If the plaintiff claims the exemption, much more information will be needed, such as greater descriptions of the information to be conveyed, by whom it will be conveyed, and what religious or educational goals will be furthered thereby. See, e.g., *Whitinsville Retirement Soc., Inc.* v. *Northbridge,* 394 Mass. at 761 & n.3, and cases discussed therein. For all that appears in the record before us, the plaintiff's intended use of the radio station is to provide a listening audience with programs which the plaintiff perceives to be of greater intellectual and inspirational value than those currently available. Although that purpose is laudable, it is neither religious nor educational within the plain meaning of § 3.

3. *The judgment.* No error appears on the face of the judgment. By its terms, the building inspector will be directed by the board to act on the plaintiff's application. From the decision which accompanied the judgment, however, the board and the

inspector reasonably (but erroneously) could infer that the only question to be decided in acting upon that application is what reasonable conditions, as set out in § 3, at note 1, *supra,* can be imposed upon the plaintiff in constructing a radio tower and ground broadcasting system. We have concluded, however, that whether the plaintiff's intended use is for religious or educational purposes is still an open question under G. L. c. 40A, § 7.

Accordingly, the final paragraph of the judgment is amended to provide that the matter is remanded to the board of appeals with the direction that it enter a decision instructing the building inspector to determine whether the plaintiff is exempt from zoning regulation and, if so, what reasonable regulations are to be imposed upon the plaintiff in the construction of its radio tower and ground broadcasting system. As amended, the judgment is affirmed.

*So ordered.*