NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-573

PATRICIA I. DRURY

vs.

BOARD OF ASSESSORS OF TEMPLETON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The taxpayer, Patricia I. Drury, appeals from a decision of a single member of the Appellate Tax Board (board) issued in accordance with G. L. c. 58A, § 1A, denying an abatement of the fiscal year 2020[1] tax assessment by the town of Templeton (town) on the taxpayer's real property and improvements. Although it is virtually impossible to discern the taxpayer's arguments from the briefing, it appears that the taxpayer believes that a receivership order from the Worcester Superior Court concerning an adjoining property establishes that the town's valuation is excessive.

---

[1] Although the taxpayer suggests that we should abate her taxes from 2008 to 2022, she challenged only the 2020 tax assessment below.

We are unable to reach the taxpayer's issues on the record before us. We have only such materials as the parties put before us; it is the taxpayer's burden, as appellant, to provide a record sufficient to support her claims on appeal. See Mass. R. A. P. 18 (a), 365 Mass. 764 (1974); Hasouris v. Sorour, 92 Mass. App. Ct. 607, 610 n.4 (2018). We cannot discern from the record before us what arguments or evidence were placed before the board beyond what is mentioned in the board's decision. See G. L. c. 58A, § 13 ("The court shall not consider any issue of law which does not appear to have been raised in the proceedings before the board").[2] Although "some leniency is appropriate in determining whether the papers of a self-represented litigant comply with applicable court rules," Tynan v. Attorney Gen., 453 Mass. 1005, 1005 (2009), the taxpayer's unrepresented status neither excuses her failure to provide us with the information necessary to decide her appeal, see Greci v. Travelers Ins. Co., 483 Mass. 1032, 1033 (2020), nor otherwise permits us to reach her appeal's merits.

We do observe that, "[w]hen challenging an assessment before the board, the taxpayer bears the burden of establishing

---

[2] The taxpayer appears to challenge the failure of the board to record the hearing but presents no evidence that she complied with the requirement that she request such recording in accordance with 831 Code Mass. Regs. § 1.28(1) (2007), or that she requested waiver of the fees for such recording.

2

its right to an abatement of the assessed tax."  Boston Gas Co. v. Assessors of Boston, 458 Mass. 715, 717 (2011).  The board determined that the taxpayer "offered no evidence to establish that the assessed value of the subject property was excessive."  Because the taxpayer had the burden of proof, the taxpayer's failure to present credible evidence that the property was worth less than $150,000 defeated her abatement claim even in the absence of any evidence from the town.  Accordingly, the taxpayer's attack on the town's evidence, method of proof, and representation is irrelevant to this appeal.

We have reviewed the receiver's report mentioned in the taxpayer's brief (even assuming that it was presented to the board) and see no indication that it establishes that the taxpayer's property is worth less than $150,000.  Nor, on this record, does it appear that the taxpayer provided any evidence of the value of the property other than her son's testimony that the property would sell for approximately $300,000.  "As may any trier of fact, the board could accept or reject and pick and choose from evidence the parties present to it," provided it articulates "an objectively adequate rationale for rejection of the evidence."  Turners Falls Ltd. Partnership v. Assessors of Montague, 54 Mass. App. Ct. 732, 736 (2002).  We see no indication that the board acted improperly in concluding that the taxpayer failed to provide credible (or, indeed, any)

3

evidence that the property was worth less than $150,000.  See

Peterson v. Assessors of Boston, 62 Mass. App. Ct. 428, 430

(2004).

Decision of the Appellate Tax
   Board affirmed.

By the Court (Wolohojian,
   Shin & Ditkoff, JJ.[3]),

Clerk

Entered:  October 5, 2023.

---

[3] The panelists are listed in order of seniority.