NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-757

KEITH SOR

vs.

KIMBERLY T. LIM & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On June 9, 2014, the plaintiff executed a quitclaim deed conveying a property to the defendant for $80,000, with $40,000 to be paid to the plaintiff immediately and the balance to be paid within two years.  The defendant failed to tender timely the second payment.  She did, however, offer a late payment. Rather than accept the late payment, the plaintiff brought this action to quiet title,[2,3] claiming that the deed created a fee

---

[1] 51 Nottingham St. LLC.

[2] The case was originally brought in the Superior Court but, after our decision in Sor v. Lim, 100 Mass. App. Ct. 1106 (2021), was transferred to the Land Court.  It is the ruling of the Land Court judge that is before us in this appeal.

[3] The complaint asserted three claims.  Count I alleged that the defendant was in default for failing to make the second payment as required by the 2014 Deed; Count II alleged that the defendant's failure to make the second payment resulted in annulment of the deed and title revesting in the plaintiff; and

simple determinable and arguing that, when the second payment was not timely tendered, title to the property reverted to him. After a bench trial, a Land Court judge ruled that the deed did not create a fee simple determinable estate and directed that the claims be dismissed with prejudice subject to the defendant paying the outstanding balance to the plaintiff.[4]  We affirm.

Background.  We summarize the judge's relevant findings, supplementing them with undisputed facts in the record, and reserving other facts for later discussion.  See Pierce v. Pierce, 455 Mass. 286, 288 (2009).

By deed dated June 9, 2014 (deed), the plaintiff sold the property located at 51 Nottingham Street, Lowell to the defendant for the price of $80,000.  In pertinent part, the deed provided:

> "Keith Sor of 15 Leverett Street, Lowell, Massachusetts 01851 in consideration of EIGHTY THOUSAND dollars ($80,000.00) grant[s] to Kimberly T. Lim of 506 Western Avenue, Lynn, Massachusetts 01851[,]
> with QUITCLAIM COVENANTS

---

Count III alleged that the defendant's transfer of the property to 51 Nottingham St. LLC was a fraudulent conveyance.  The plaintiff makes no argument on appeal concerning the dismissal of the fraudulent conveyance claim and we accordingly affirm that portion of the judgment without further discussion.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief").

[4] In the alternative, the judge ordered that the balance be placed in escrow should there be an appeal.  At oral argument, counsel for the defendant represented that the funds had been placed in escrow as required, and remain there.

2

"Forty thousand ($40,000.00) dollars on 06/09/2014 and forty thousand ($40,000.00) within 24 month[s] from 06/09/2014[,]

"That certain parcel of land situated in said Lowell, Middlesex County, Massachusetts . . . .

"Executed as a sealed instrument this 9th day of June, 2014 by Keith Sor, Individually as Grantor."

The defendant made the initial $40,000 payment at the time of the conveyance.  However, the defendant did not pay the second $40,000 by June 9, 2016, as called for by the deed.

On or around April 14, 2017, more than ten months after the second payment was due, the defendant hired a lawyer, who delivered a check in the amount of $40,000 to the plaintiff, which the plaintiff refused.  On July 16, 2018, the defendant executed and delivered a deed transferring the property to the 51 Nottingham St. LLC (51 Nottingham).  On or around September 18, 2018, the defendant again tendered payment to the plaintiff (with a check in the amount of $40,681.94), which the plaintiff again refused.

Discussion.  The plaintiff argues that, as a matter of law, the deed created a fee simple determinable, and the property reverted to him when the defendant failed to make timely the second payment.  Alternatively, he contends that the language of the deed is ambiguous and should be construed in his favor.  At the outset, we note that -- by failing to provide an adequate appellate record to support his arguments -- the plaintiff has

3

presented his arguments in their weakest form.  "[T]he burden is on the appellant . . . to furnish a record that supports his claims on appeal."  Hasouris v. Sorour, 92 Mass. App. Ct. 607, 610 n.4 (2018), quoting Arch Med. Assocs. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992).  See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019); see also Mass. R. A. P. 18 (a) (1) (D), as appearing in 491 Mass. 1603 (2023).  Here, for example, the plaintiff not only did not supply a copy of the deed that is at the heart of the case, he also did not provide the complete trial transcript.  That said, some of these deficiencies have been rectified by the defendant (who had no obligation to do so), and we accordingly exercise our discretion to reach the merits.  See Hasouris, supra, at 610 n.4, quoting Worcester County Christian Communications, Inc. v. Board of Appeals of Spencer, 22 Mass. App. Ct. 83, 87 n.4 (1986); see also Cavanagh v. Cavanagh, 490 Mass. 398, 404 (2022), quoting Mass R. A. P. 18 (a) (1) (D) (while "court may decline to permit the parties to refer to portions of the record omitted from the appendix, . . . the fact that parts of the record are not included in the appendix shall not prevent the court from relying on such parts").

"The interpretation of a deed presents a question of law, which we review de novo."  Skye v. Hession, 91 Mass. App. Ct. 423, 425 (2017).  "A deed or reservation of real estate shall be

4

construed to convey or reserve an estate in fee simple, unless a different intention clearly appears in the deed."  G. L. c. 183, § 13.  "A fee simple determinable is created by a conveyance which contains words effective to create a fee simple and in addition a provision for the automatic expiration of the estate on the occurrence of a stated event."  Selectmen of Provincetown v. Attorney Gen., 15 Mass. App. Ct. 639, 644-645 (1983), quoting Selectmen of Nahant v. United States, 293 F. Supp. 1076, 1078 (D. Mass. 1968).  Words or phrases commonly used to create a fee simple determinable include "so long as," "during," or "until." See Dyer v. Siano, 298 Mass. 537, 540 (1937).

The deed was silent as to which type of estate it created; it did not state that the intent was to create a fee simple determinable estate.  Nor did it contain any of the typical durational or conditional language that is the hallmark of a fee simple determinable.  See Harrison v. Marcus, 396 Mass. 424, 430 (1985); see also Selectmen of Provincetown, 15 Mass. App. Ct. at 645 n.7.  In the circumstances, we agree with the trial judge that the deed did not create a fee simple determinable.

We are equally unpersuaded by the plaintiff's argument that the deed is ambiguous.  "Deed language can be ambiguous if 'its meaning . . . is uncertain and susceptible of multiple interpretations.'"  Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 75 Mass. App. Ct. 260, 267-268 (2009),

5

S.C., 458 Mass. 1 (2010), quoting Hamouda v. Harris, 66 Mass. App. Ct. 22, 26 (2006). Here, the language was clear in the sense that it in no way suggested that the deed was intended to create a fee simple determinable estate. This is not a situation where the deed is open to multiple reasonable interpretations.

Even were we to set the lack of ambiguity to the side, the plaintiff has failed to show that the judge's finding that the parties did not intend to create a fee simple determinable is clearly erroneous. See McManus v. McManus, 87 Mass. App. Ct. 864, 867 (2015) (intent of the parties is a question of fact). "A finding is 'clearly erroneous' only when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Basis Tech. Corp. v.

Amazon.com, Inc., 71 Mass. App. Ct. 29, 36 (2008), quoting

Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509

(1997).

Judgment affirmed.

By the Court (Wolohojian,
Neyman & Shin, JJ.[5]),

Assistant Clerk

Entered:  January 23, 2024.

---

[5] The panelists are listed in order of seniority.